Law Offices
**HINSHAW & CULBERTSON LLP**
3200 N. Central Avenue
Suite 800
Phoenix, AZ 85012
602-631-4400
602-631-4404
ddudzik@hinshawlaw.com
mayers@hinshawlaw.com

Darrell S. Dudzik (016465)
Michael R. Ayers (024318)
Attorneys for Defendant The CBE Group SW, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carlo Zompa, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>The CBE Group SW, Inc.,<br><br>Defendant. | No. 2:13-cv-01198-SRB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

COMES NOW Defendant, The CBE Group SW, Inc ("CBE"), by and through its attorneys, Darrell S. Dudzik and Michael R. Ayers, for its Answer, states as follows:

**INTRODUCTION**

1. The Answering Defendant admits in paragraph 1 that Plaintiffs' Complaint purports to allege a violation of the TCPA. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

2. The Answering Defendant admits in paragraph 2 that Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

3. The Answering Defendant admits in paragraph 3 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

4. The Answering Defendant admits in paragraph 4 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

5. The Answering Defendant admits in paragraph 5 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

6. The Answering Defendant admits in paragraph 6 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

7. The Answering Defendant admits in paragraph 7 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

**JURISDICTION AND VENUE**

8. The Answering Defendant admits in paragraph 8 that the Supreme Court case of *Mims v. Arrow Financial Services, LLC* (2012) reversed and remanded the Eleventh Circuit's dismissal and conclusion that TCPA jurisdiction is vested exclusively in state courts thereby depriving federal courts of jurisdiction over TCPA claims under 28

23305852v1 0947794

U.S.C. § 1331. Defendant otherwise denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

9. The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9, and therefore denies all allegations and demands strict proof thereof.

## PARTIES

10. The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10, and therefore denies all allegations and demands strict proof thereof.

11. The Answering Defendant admits in paragraph 11 that it maintains a registered address in the City of Cedar Falls, Iowa, and that it possesses an Arizona collection agency license. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, if any, contained within this paragraph, and therefore denies all allegations and demands strict proof thereof.

## FACTUAL ALLEGATIONS

12. The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12, and therefore denies all allegations and demands strict proof thereof.

13. The Answering Defendant admits in paragraph 13 that Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant admits that The CBE Group SW, Inc. is a corporation. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

14. The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14, and demands strict proof thereof.

15.     The Answering Defendant denies all allegations contained in paragraph 15, and demands strict proof thereof.

16.     The Answering Defendant denies all allegations contained in paragraph 16, and demands strict proof thereof.

17.     The Answering Defendant denies all allegations contained in paragraph 17, and demands strict proof thereof.

18.     The Answering Defendant denies all allegations contained in paragraph 18 and demands strict proof thereof.

19.     The Answering Defendant denies all allegations contained in paragraph 19 and demands strict proof thereof.

20.     The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20, and therefore denies all allegations and demands strict proof thereof.

21.     The Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21, and therefore denies all allegations and demands strict proof thereof.

22.     The Answering Defendant admits in paragraph 22 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph, and therefore denies all remaining allegations and demands strict proof thereof.

23.     The Answering Defendant denies all allegations contained in paragraph 23.

24.     The Answering Defendant denies all allegations contained in paragraph 24.

25.     The Answering Defendant denies all allegations contained in paragraph 25.

26.     The Answering Defendant denies all allegations contained in paragraph 26.

27. The Answering Defendant admits in paragraph 27 Plaintiffs' Complaint attempts to allege an improper legal conclusion and purports to contain an out-of-context and incomplete citation to a portion of statute or case law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph, and therefore denies all remaining allegations and demands strict proof thereof.

28. The Answering Defendant denies all allegations contained in paragraph 28, and demands strict proof thereof.

**CLASS ACTION ALLEGATIONS**

29. The Answering Defendant admits in paragraph 29 that Plaintiffs' Complaint purports to be a class action. Defendant denies all remaining allegations contained within this paragraph, and demands strict proof thereof.

30. The Answering Defendant denies all allegations contained in paragraph 30, and demands strict proof thereof.

31. The Answering Defendant denies all allegations contained in paragraph 31, and demands strict proof thereof.

32. The Answering Defendant denies all allegations contained in paragraph 32, and demands strict proof thereof.

33. The Answering Defendant denies the allegations contained in paragraph 33, and demands strict proof thereof.

34. The Answering Defendant denies all allegations contained in paragraph 34, and demands strict proof thereof.

35. The Answering Defendant denies all allegations contained in paragraph 35 and its sub-paragraphs, and demands strict proof thereof.

36. The Answering Defendant denies all allegations contained in paragraph 36, and demands strict proof thereof.

23305852v1 0947794

1    37.  The Answering Defendant denies all allegations contained in paragraph 37,
2  and demands strict proof thereof.

3    38.  The Answering Defendant denies all allegations contained in paragraph 38,
4  and demands strict proof thereof.

5    39.  The Answering Defendant denies all allegations contained in paragraph 39,
6  and demands strict proof thereof.

7    40.  The Answering Defendant denies all allegations contained in paragraph 40,
8  and demands strict proof thereof.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**47 U.S.C. 227**

12    41.  The Answering Defendant for paragraph 41 incorporates its answers to
13  paragraphs 1 through 40 as though fully set forth herein.

14    42.  The Answering Defendant denies all allegations contained in paragraph 42,
15  and demands strict proof thereof.

16    43.  The Answering Defendant denies all allegations contained in paragraph 43,
17  and demands strict proof thereof.

18    44.  The Answering Defendant denies all allegations contained in paragraph 44,
19  and demands strict proof thereof.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL OF THE**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**47 U.S.C. 227**

23    45.  The Answering Defendant for paragraph 45 incorporates its answers to
24  paragraphs 1 through 44 as though fully set forth herein.

25    46.  The Answering Defendant denies all allegations contained in paragraph 46,
26  and demands strict proof thereof.

47.     The Answering Defendant denies the allegations contained in paragraph 47, and demands strict proof thereof.

48.     The Answering Defendant denies all allegations contained in paragraph 48, and demands strict proof thereof

## AFFIRMATIVE DEFENSES

Defendant, The CBE Group SW, Inc., by and through its attorneys, Darrell S. Dudzik and Michael R. Ayers, for its Affirmative Defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Any and all allegations not specifically admitted by Defendant are hereby denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim and/or cause of action upon which relief may be granted and Plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## FOURTH AFFIRMATIVE DEFENSE

This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims. 47 U.S.C. §227(b)(3).

## FIFTY AFFIRMATIVE DEFENSE

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. Any purported violation of the

7

23305852v1 0947794

TCPA, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs consented to being telephoned, receiving facsimiles, being contacted and/or receiving communications at the numbers provided. This affirmative defense is asserted in the alternative to the argument that lack of consent is an element of Plaintiffs' TCPA claim.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished due to Plaintiffs' failure to mitigate damages.

### EIGHT AFFIRMATIVE DEFENSE

To the extent that any violation of the TCPA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs lacks Article III standing with regard to his/her TCPA claims to the extent he/she is unable to demonstrate that he/she incurred any monetary damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert claims under the TCPA against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The TCPA violates the First Amendment's Free Speech Clause.

23305852v1 0947794

## TWELVE AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without waiving an objection, any additional affirmative defenses which become apparent during the course of discovery in this matter, including but not limited to, the additional affirmative defenses set forth in Fed. R. Civ. P. 8(c) and 12 (b).

WHEREFORE, Defendant prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 in favor of defendant; and

3. Awarding defendant such other and further relief as the Court deems just and equitable.

DATED this 16th day of August, 2013.

HINSHAW & CULBERTSON LLP

/s/ Darrell S. Dudzik
Michael R. Ayers
Darrell S. Dudzik
Michael R. Ayers
Attorneys for Defendant The CBE Group SW, Inc.

23305852v1 0947794

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of August, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David J. McGlothlin, Esq.
HYDE & SWIGART
David@westcoastlitigation.com
2633 E. Indian School Road, Suite 460
Phoenix, Arizona  85016
Attorneys for Plaintiff

By   /s/ Tammy Rivera

23305852v1 0947794